t Mr. Justice Wylie,
after stating the case, announced the decision of the court to the effect following:
The question arising upon a consideration of the facts is *175 whether the plaintiff, who was a judgment-creditor of the defendant long before the proceedings for the sale of the property took place, has a preferable lien upon the proceeds of the sale, or whether that preference belongs to the attorney of Lamon, by whom the proceedings were instituted and conducted which resulted in such sale.
Although the circumstances surrounding the case are somewhat complicated, this is the main question: Van Eiswick had a lien, by virtue of his judgment, upon the defendant’s interest in the real estate, which could not be divested by the sale without his consent. By the decree in the equity suit the proceeds of the sale-were to be distributed among those entitled, precisely according to the liens thereon as they existed upon the property before it was sold. The conclusion to which we have all come, therefore, is that Van Eiswick is entitled to the money, and that his claim must take priority over any claim of Lamon’s solicitors for their professional services.
We are also of opinion that as the money in the present case was a balance in the hands of the garnishees, due the defendant, the attachment was properly laid, for the trustee had performed the trust, with the exception of passing this balance to whom it belonged.
The decision of the court below, overruling the motion to quash, is affirmed.